IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRIAN KEITH SPENCER | : | |
|       Plaintiff | : | |
| v | : | Civil Action No. WDQ-06-2723 |
| WARDEN | : | |
|       Defendant | : | |
| | o0o | |

**MEMORANDUM**

The above-captioned civil rights case was initiated upon receipt of correspondence from Plaintiff stating that he had been assaulted by officers at the Cecil County Detention Center. Paper No. 1. He does not indicate a desire to file a civil rights complaint for money damages, rather he only seeks assistance in pressing criminal assault charges against the officers and states that he believes state officials will cover up any evidence he presents. *Id*.

To the extent that Plaintiff is seeking an order requiring state officials to initiate a criminal prosecution against the officers named, this Court is without jurisdiction to issue same. Plaintiff may request criminal prosecution of his alleged assailants from the State's Attorney in Cecil County; however, as an alleged crime victim, he has no constitutional right to insist on criminal prosecution. *See Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir.1988).

To the extent that Plaintiff is seeking an order requiring federal authorities to initiate a criminal prosecution, such an order is equally unavailable. In order to be entitled to a writ of mandamus, Petitioner must establish that the "officer or employee of the United States or any agency" owes him a duty. 28 U.S.C. § 1361. Plaintiff is free to request criminal prosecution against the officers involved: however, mandamus does not apply to the discretionary functions

of a government official.    The United States Attorney's decision to seek an indictment or to initiate an investigation into information provided by Plaintiff is discretionary.  *See Massey v. Smith*, 555 F.2d 1355 (8th Cir.1977).   In the event prosecution is not pursued, this Court will not interfere with the United States Attorney's exercise of discretion in deciding whether to seek an indictment or to launch a criminal investigation.  *See Inmates of Attica Corr. Fac. v. Rockefeller*, 477 F.2d 375, 379- 82 (2d Cir.1973).

     In the event Plaintiff chooses to pursue a civil rights action against his alleged assailants, he must file a civil Complaint and either pay the $350 filing fee or file a Motion to Proceed In Forma Pauperis.  The Clerk will be directed to provide forms for filing a Complaint pursuant to 42 U.S.C. § 1983 for Plaintiff's use.  The instant Complaint however, will be dismissed without prejudice for the reasons stated herein.

November 2 , 2006                                                 /s/
Date                                                       William D. Quarles, Jr.
                                                            United States District Judge